## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**LACUYA LYNN NITA WEATHERS,**

     **Plaintiff,**

    **v.**

**KIMBERLY DENT,** *et al*,

     **Defendants.**

:
:
:
:
:
:
:
:
:
:
:
:

**Case No. 2:25-cv-1402**
**Judge James L. Graham**
**Magistrate Judge S. Courter M. Shimeall**

### REPORT AND RECOMMENDATION

Plaintiff, Lacuya Lynn Nita Weathers, proceeding *pro se*, filed this action on December 1, 2025.  (ECF No. 1.)  Defendant Kimberly Dent filed a Motion to Dismiss on December 22, 2025, (ECF No. 4), and the remaining Defendants filed a Motion to Dismiss on Decembmer 31, 2025.  (ECF No. 7.)  After the response deadlines lapsed without a response to either Motion or a request for an extension of time, Magistrate Judge Deavers issued a Show Cause Order on February 4, 2026, ordering Plaintiff to show cause within fourteen days of that Order and explain why the Court should not treat Defendants' Motions to Dismiss as unopposed, and why this case should not be dismissed for want of prosecution.  (ECF No. 9.)  The Court further warned Plaintiff that failure to respond to the Court's Show Cause Order could result in the Motions to Dismiss being ruled on and/or that the case could be dismissed under Federal Rule of Civil Procedure 41(b) with prejudice for failure to prosecute.

To date, Plaintiff has failed to respond to this Court's Show Cause Order or Defendants' Motions to Dismiss, and the only further activity on the docket has been the Chief District Judge's Order reassigning this case to the undersigned.  (ECF No. 10.)

Under the circumstances presented in the instant case, the undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b).  The Court's inherent authority to dismiss a plaintiff's action with prejudice because of her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." (citing *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962))).  "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff has failed to respond to Defendants' Motions to Dismiss, seek any extension of time to do so, or comply with the Court's February 4, 2026 Show Cause Order instructing her to show cause why this case should not be dismissed for failure to prosecute her case. Moreover, this Court's Show Cause Order explicitly cautioned Plaintiff that failure to comply could result in dismissal of this case with prejudice. (ECF No. 9.); s*ee Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear Order of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed this deadline and disregarded the Court's order, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    **IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

4